IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TEXARKANA DIVISION

| | | |
|---|---|---|
| DEMONTROUS WITCHER | § | |
| v. | § | CIVIL ACTION NO. 5:20cv186 |
| LaSALLE CORRECTIONS, ET AL. | § | |

<u>MEMORANDUM OPINION AND ORDER OF DISMISSAL</u>

The Plaintiff Demontrous Witcher, a former inmate of the Bowie County Correctional Center proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights. The parties have consented to allow the undersigned United States Magistrate Judge to enter final judgment pursuant to 28 U.S.C. 636(c).

**I. Background**

Plaintiff's amended complaint (docket no. 13) is the operative pleading in the case. In his amended complaint, Plaintiff states he had a stroke in his cell and fell on the floor. He yelled for help and another inmate came to his cell. Plaintiff asked this inmate to get a guard because he could not move and call his mom. Captain Jones, a nurse, and another officer, subsequently identified as Nurse K. Dean and Officer Warner, came to the cell and told him to "get his ass up off the floor" like he was faking. They then threatened to leave if he did not get up by the time they counted to five. Plaintiff states they then walked out, leaving him on the floor. He blacked out again and awoke in the hospital, where the doctor told him his recovery time would be longer because he had been left on the floor instead of calling the ambulance immediately. Neither Plaintiff's original complaint nor his amended complaint set out the date the alleged incident occurred.

**II. Prior Proceedings**

The Defendants filed a motion arguing Plaintiff did not exhaust his administrative remedies. They note in his original and amended complaints, Plaintiff answered "no" to a question asking if

he had exhausted all steps of the institutional grievance procedure. The Defendants also attach an affidavit from Warden Joseph Wilson of the Bowie County Correctional Center stating that the Bowie County Jail has a two-step grievance procedure, but Plaintiff's grievance file at the jail contains no grievances, meaning he did not file any Step One grievances or Step Two appeals. (Docket no. 27, pp. 8-9). Thus, they assert Plaintiff failed to exhaust his administrative remedies.

When Plaintiff did not file a response to the motion, the Court issued a Report recommending the motion for summary judgment be granted based upon the failure to exhaust.[1] Plaintiff filed objections to the Report contending he could not have exhausted his administrative remedies because the administrative grievance procedure was never available to him. In his first set of objections (docket no. 42), he says after the incident, he was taken to the emergency room at Wadley Hospital and was hospitalized for 30 days, at which point he was transported from the hospital to the Texas Department of Criminal Justice-Correctional Institutions Division. In his second set of objections (docket no. 45), he says that he was transported to TDCJ after being released from Christus-St. Michael Hospital after 30 days of treatment. Plaintiff states he never returned to the jail, but went to TDCJ directly from the hospital, and thus could not have filed grievances.

After reviewing Plaintiff's objections, the Court ordered the Defendants to respond to the assertion that Plaintiff could not have exhausted his administrative remedies because he never returned to the jail from the hospital. The Court also noted that Plaintiff's objections specified the incident occurred on April 30, 2018, almost two and a half years before he signed his lawsuit on November 18, 2020; the Court therefore ordered Plaintiff to show cause why his lawsuit should not be dismissed as barred by the statute of limitations.

On March 2, 2022, the Defendants filed a response stating that in fact, Plaintiff was taken to the hospital on April 30, 2018, and discharged back to the jail on May 10, 2018. They contend

---

[1] At the time the Report issued, on January 18, 2022, the case was referred to the undersigned for pre-trial proceedings only. After the Report issued, the case was assigned to the undersigned on February 18, 2022, for entry of final judgment in accordance with the consent of the parties.

he was then released from the jail on May 31, 2018, giving him 21 days in which to pursue his grievances; however, the Defendants state Plaintiff did not file any grievances at any point during his stay in the Bowie County Correctional Center.

The documents furnished by Plaintiff in his objections (docket no. 45-1, pp. 1-4) show he was admitted to the emergency room at Wadley Regional Hospital on April 30, 2018, and discharged on May 10, 2018. The hospital course note says "patient can be discharged to rehab center today for further management." (Docket no. 45-1, p. 1). A transport request, dated May 31, 2018, says Plaintiff was transported from "2400 St. Mich. Hospital" to the Byrd Unit of TDCJ. The Defendants do not furnish any documents showing where Plaintiff was taken or when he returned to the jail, nor do their affidavits mention this; instead, they rely solely on Plaintiff's admission form to Wadley. The Defendants do not refer to the transport request form, which indicates that he was transported from St. Michael's Hospital to TDCJ.[2] As a result, the summary judgment evidence before the Court is insufficient to show Plaintiff was returned to the jail at any point and therefore had an opportunity to exhaust his administrative remedies while at the jail.

Although the Defendants also argue that Plaintiff could have filed a grievance after leaving the jail, providing affidavits to this effect, they do not furnish a copy of the Bowie County Correctional Center grievance procedures. As a result, it is not clear when or how Plaintiff could have done so, much less whether he had notice of the availability of the grievance procedure for former inmates no longer confined in the jail. *See generally* Allard v. Anderson, 260 F.App'x 711, 2007 U.S. App. LEXIS 29932, 2007 WL 4561110 (5th Cir., December 28, 2007). The summary judgment evidence thus does not definitively show that Plaintiff failed to exhaust his available administrative remedies.

However, Plaintiff's lawsuit suffers from a more significant flaw, which only became apparent upon the filing of his objections. He stated that the incident complained of occurred on

---

[1]While the jail undoubtedly has its own records showing Plaintiff's whereabouts between April 30 and May 31, 2018, no such records were provided.

April 30, 2018, some two and a half years prior to his filing suit in November of 2020. The Court noted that Plaintiff's lawsuit appeared to be barred by the statute of limitations and gave him an opportunity to respond to the question of timeliness. *See* Day v. McDonough, 547 U.S. 198, 210, 126 S.Ct. 1675, 164 L.Ed.2d 376 (2006); Juarez v. Anderson, 598 F.App'x 297, 2015 U.S. App. LEXIS 4718, 2015 WL 1283810 (5th Cir., March 23, 2015).

In his response, Plaintiff asserts that the deprivation of his civil rights was of a constitutional magnitude, asserting that he was taken to the Wadley Hospital emergency room on April 30, 2018, and remained there until May 30, 2018 with a head injury. He again says that he was never returned to the jail so he could exhaust administrative remedies, but wrote jail officials a two page letter informing them of the deprivation of his constitutional rights, to which he did not receive a response. He argues that he did not have the opportunity to file grievances in Bowie County when he arrived at the Byrd Unit because he did not have access to the law library.

Plaintiff states he was subjected to multiple moves, going to the Stiles Unit, the LeBlanc Unit, the "W. Tennessee Unit," and the Jester III Unit, but none of these had grievance mechanisms applicable to Bowie County. He also indicates that he was transferred to federal prison for a time, and was again unable to access the law library upon his return. Plaintiff's only reference to the limitations issue asserts that he filed his complaint "on or about September 10, 2020, approximately one month past the statute of limitations, but this was only due to delays in mailing and legal access due to lockdowns."

### III. Discussion

There is no federal statute of limitations for §1983 actions; instead, federal courts borrow the forum state's general personal injury limitations period and applicable tolling provisions. Burrell v. Newsome, 883 F.2d 416, 418 (5th Cir. 1989). The applicable period in Texas is two years. Tex. Civ. Prac. & Rem. Code §16.003(a); Pete v. Metcalfe, 8 F.3d 214, 217 (5th Cir. 1993).

Although Texas law governs the limitations period and the tolling exceptions, federal law governs when the cause of action accrues. Under federal law, a cause of action accrues when the

plaintiff knows or has reason to know of the injury which is the basis of the action. Burrell, 883 F.3d at 418. This means that for the limitations period to commence, the plaintiff need not realize that a legal cause of action exists, but need only know the facts that would support a claim. Piotrowski v. City of Houston, 51 F.3d 512, 516 (5th Cir. 1995).

Plaintiff offers nothing to suggest he did not know the facts of the incident when it occurred, on April 30, 2018. Nor has he shown any basis for commencing the limitations period at a different time. Whitaker v. McDonald, 2022 U.S. App. LEXIS 394, 2022 WL 68972 (5th Cir., January 6, 2022). Thus, Plaintiff's limitation period began to run on April 30, 2018, and expired two years later, on April 30, 2021.

Neither has Plaintiff shown any basis for equitable tolling of the statute of limitations. *See* Crostley v. Lamar City, Texas, 717 F.3d 410, 421 (5th Cir. 2013). The Fifth Circuit has explained that "Texas applies equitable tolling sparingly, looking to whether a plaintiff has diligently pursued his or her rights; litigants cannot use the doctrine to avoid the consequences of their own negligence." Bonner v. Pace, 2022 U.S. App. LEXIS 5787, 2022 WL 636683 (5th Cir., March 4, 2022).

Although Plaintiff claims he filed his lawsuit in September of 2020 - which is still outside the limitations period - it is dated November 18, 2020, and the data sheet included with the lawsuit bears the same date. His vague and conclusory reference to "delays in mailing and legal access due to lockdowns" do not show any justification for a two and a half year delay in filing suit, nor any other basis for equitable tolling of the statute of limitations. Plaintiff's lawsuit is barred by the statute of limitations and is thus frivolous and fails to state a claim upon which relief may be granted. Whitaker, 2022 WL 68972 at *3; Edwards v. Miller, 385 F.App'x 405, 2010 U.S. App. LEXIS 14414, 2010 WL 2802461 (5th Cir., July 14, 2010) (affirming dismissal with prejudice of time-barred complaint as frivolous and for failure to state a claim upon which relief may be granted). It is accordingly

**ORDERED** that the above-styled civil action is hereby **DISMISSED WITH PREJUDICE** as frivolous and for failure to state a claim upon which relief may be granted, in that it is barred by the statute of limitations. It is further

**ORDERED** that any and all motions which may be pending in this case are hereby **DENIED**.

**SIGNED this 23rd day of March, 2022.**

*Caroline M. Craven*
CAROLINE M. CRAVEN
UNITED STATES MAGISTRATE JUDGE